**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| RONNIE D. WILSON, | ) | CASE NO. 3:07-cv-02968 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| PAT HURLEY, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Petitioner, Ronnie D. Wilson ("Wilson"), challenges the constitutionality of his conviction in the case of *State v. Wilson*, Putnam County Common Pleas Case No. 05-CR-51. Wilson, represented by counsel, filed a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on September 28, 2007, with the United States District Court for the Northern District of Ohio. On February 28, 2008, 2008, Warden Pat Hurley ("Respondent") filed his Answer/Return of Writ. (Doc. No. 12.) Wilson filed a Traverse on March 28, 2008. (Doc. No. 13.) This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that Wilson's petition be DENIED.

**I. Summary of Facts**

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1); *see also House v. Bell,* 283 F.3d 37 (6th Cir. 2002). The state appellate

court summarized the facts underlying Wilson's conviction as follows:

> Wilson's convictions stem from accusations by his daughter, CW, involving improper sexual conduct. In November 2004, while they were driving together to Lima, Ohio, CW first reported to her mother, Barbara Wilson, that her father had touched her in a sexual manner, and that he had "done [things] a father should not do to a child."  Barbara immediately turned the car around and returned home to confront Wilson; she sent CW and her siblings to an aunt's house.
>
> Barbara confronted Wilson, alone, about CW's accusations at their home in Cloverdale, Ohio.  Wilson initially denied all of his daughter's allegations. However, after Barbara summoned CW to return home to confront her father Wilson eventually confessed, admitting that what CW said was true.  He stated that he "did not know why" he had done these things.
>
> The family did not report this incident, apparently at CW's request, and began attending counseling sessions in the hopes of keeping the family together. However, Barbara and Wilson eventually separated, after the extent of Wilson's actions became clear several months later.
>
> CW initially disclosed to her mother in November 2004 that her father had touched her inappropriately.  In May 2005, however, CW reported the full extent of Wilson's activity to her mother; that Wilson's inappropriate touching had begun in 2000 when she was eleven years old, that it progressed to him having her perform oral sex on him about once a week, that it evolved into him performing oral sex on her, and eventually to anal sex.  This activity continued for over four years, and only stopped after CW told her father that it could not continue.
>
> After CW disclosed the full extent of Wilson's actions to her mother, Barbara contacted the police.  Following an investigation, Wilson was indicted on June 6, 2005 by the Putnam County Grand Jury.  Prior to trial, Wilson filed several motions with the court, two of which are relevant to this appeal.  First, Wilson filed a motion to suppress the statements made by both him and his wife Barbara. Specifically, Wilson sought to suppress statements made by him on November 4, 2004 when Barbara confronted him about their daughter's accusations.  Wilson also attempted to suppress statements made by him to his wife when she met with him at the Putnam County Jail in May 2005 wearing a recording device provided by the police, and statements made by him during a phone conversation with Barbara in May, 2005.  Second, Wilson filed a motion to determine the competency of the State's witnesses under Evid.R. 601(A).  Wilson also requested in this motion a court determination of whether Barbara was competent to testify pursuant to R.C. 2945.42; Wilson argued that the above statements made between him and his spouse were privileged spousal communications.

*State v. Wilson*, 2006 Ohio App. LEXIS 1860, 2006-Ohio-2000 ¶¶2-6 (Ohio Ct. App. Apr. 24, 2006)

## II.  Procedural History

### A.  Conviction

On June 3, 2005, the Putnam County Grand Jury charged Wilson with nine counts of rape in violation of Ohio Revised Code ("O.R.C.") § 2907.02(A)(1)(b) and eleven counts of sexual battery in violation of O.R.C. § 2907.03(A)(5).  (Doc. No. 12, Exh. 1.)

On August 29, 2005, a jury found Wilson guilty as charged.  (Doc. No. 12, Exhs. 2 & 3.)

On September 20, 2005, the trial court sentenced Wilson to a term of ten years imprisonment on Count I, ten years imprisonment on Counts II through V, ten years imprisonment on Counts VI through IX, and five years imprisonment on Counts X through XX. (Doc. No. 12, Exh. 4.)   The rape sentences were to be served consecutively while the sexual battery sentences were to be served concurrently for a total of thirty years.  *Id*.

### B.  Direct Appeal

On October 26, 2005, Wilson, through new counsel, filed a Notice of Appeal with the Court of Appeals for the Third Appellate District ("state appellate court").  (Doc. No. 12, Exh. 5.)  In his brief, Wilson raised the following two assignments of error:

> 1. The trial court committed an error of law in determining competency pursuant to R.C. 2945.42.
>
> 2. The appellant was denied effective assistance of counsel.

(Doc. No. 12, Exh. 6.)

On April 24, 2006, the state appellate court affirmed Wilson's convictions.  (Doc. No. 12,

Exh. 8.)

On June 8, 2006, Wilson, through counsel, filed a Notice of Appeal with the Supreme Court of Ohio and raised one proposition of law:

> R.C. 2945.42 does not create an exception for the admission of privileged spousal communications, made in furtherance of preserving the marriage and family, in a prosecution for rape and sexual battery against the parties' child.

(Doc. No. 12, Exh. 10.)

On October 4, 2006, the Supreme Court of Ohio denied leave to appeal. (Doc. No. 12, Exh. 11.)

## C. Application to Reopen Appeal

On June 16, 2007, Wilson, through new appellate counsel, filed an application to re-open his direct appeal pursuant to Ohio App. R. 26(B). (Doc. No. 12, Exh. 12.) Wilson raised the following assignments of error:

> 1. Ronnie Wilson was denied his Constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution when a) the first nine counts of the indictment were defective because it did not include an element or specification required by the statute and b) trial counsel was ineffective in failing to file a pre-trial motion to dismiss.
>
> 2. Ronnie Wilson was denied his constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution when a) the trial court's instruction to the jury regarding the first nine counts failed to require the jury to consider and make an independent finding of a material element and fact regarding the age of the complainant and b) trial counsel was ineffective in failing to object to this instruction, when the age of the complainant was a major issue at trial.
>
> 3. Ronnie Wilson was denied his constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution when a) the verdict forms in the first nine counts, reflecting the findings of the jury, do not state the separate and independent determination of age of the complainant that is statutorily required, when this is a major issue at trial and b) trial counsel was ineffective in failing to object to the defective verdict forms.

> 4. Ronnie Wilson was denied his constitutional rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution when a) the sentencing judge enhances his sentence, contra the *Blakely v. Washington* rule, using un-indicted conduct as a basis to improperly render an excessive sentence and b) trial counsel was ineffective in failing to object at the sentencing hearing.
>
> 5. Ronnie Wilson was denied his constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution when a) a series of photographs are introduced by the prosecution with typed commentary stating opinions on the alleged conduct; that, in certain situations, the investigation was ongoing, all of which was hearsay, created a profile and gave the jury the impression that guilt was preordained and b) trial counsel was ineffective under the *Strickland* doctrine in failing to move to redact the commentaries.
>
> 6. Ronnie Wilson was denied his constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution when a) his wife, acting as a Government agent, and not as a private person, secretly records a tape with Ronnie Wilson, and this tape is introduced in the case-in-chief, and significantly relied upon by the prosecution and b) defense counsel was ineffective under the *Strickland* doctrine in failing to object under the proper issue.
>
> 7. Ronnie Wilson was denied his Constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution when a) the evidence at trial shows the indictment was constructively amended and b) trial counsel was ineffective under the *Strickland* doctrine in failing to object.

*Id*.

On August 2, 2007, the state appellate court denied Wilson's application as untimely. (Doc. No. 12, Exh. 13.)

On August 20, 2007, Wilson, through counsel, filed a notice of appeal with the Supreme Court of Ohio.  (Doc. No. 12, Exh. 14.)  In his brief, Wilson raised the same seven assignments of error set out above, but added an additional claim as follows:

> 8. When the appellate attorney (1) fails to notify the client of the ninety day rule in the re-opening of an appeal and (2) there is a threshold showing of constitutional errors not presented, the court of appeals errs in denying the application, contra the Fifth, Sixth and Fourteenth Amendments to the Constitution.

(Doc. No. 12, Exh. 15.)  On October 31, 2007, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question.  (Doc. No. 12, Exh. 16.)

**D.     Federal Habeas Petition**

On September 28, 2007, Wilson filed a Petition for Writ of Habeas Corpus and asserted the following grounds for relief:

> GROUND ONE: Ronnie Wilson was denied his Constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution when a) the first nine counts of the indictment were defective because it did not include an element or specification required by the statute and b) trial counsel was ineffective in failing to file a pre-trial motion to dismiss.
>
> GROUND TWO: Ronnie Wilson was denied his constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution when a) the trial court's instruction to the jury regarding the first nine counts failed to require the jury to consider and make an independent finding of a material element and fact regarding the age of the complainant and b) trial counsel was ineffective in filing to object to this instruction, when the age of the complainant was a major issue at trial.
>
> GROUND THREE: Ronnie Wilson was denied his constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution when a) the verdict forms in the first nine counts, reflecting the findings of the jury, do not State the separate and independent determination of age of the complainant that is statutorily required, when this is a major issue at trial and b) trial counsel was ineffective in failing to object to the defective verdict forms.
>
> GROUND FOUR: Ronnie Wilson was denied his constitutional rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution when a) the sentencing judge enhances his sentence, contra the *Blakely v. Washington* rule, using un-indicted conduct as a basis to improperly render an excessive sentence and b) trial counsel was ineffective in failing to object at the sentencing hearing.
>
> GROUND FIVE: Ronnie Wilson was denied his constitutional rights under the fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution when a) a series of photographs are introduced by the prosecution with typed commentary stating opinions on the alleged conduct; that, in certain situations, the investigation was ongoing, all of which was hearsay, created a profile and gave the jury the impression that guilt was preordained and b) trial counsel was

ineffective under the Strickland doctrine in failing to move to redact the commentaries.

GROUND SIX: Ronnie Wilson was denied his constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution when a) his wife, acting as a Government agent, and not as a private person, secretly records a tape with Ronnie Wilson, and this tape is introduced in the case-in-chief, and significantly relied upon by the prosecution and b) defense counsel was ineffective under the *Strickland* doctrine in failing to object under the proper issue.

GROUND SEVEN: Ronnie Wilson was denied his Constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution when a) the evidence at trial shows the indictment was constructively amended and b) trial counsel was ineffective under the *Strickland* doctrine in failing to object.

GROUND EIGHT: Petitioner Wilson was denied effective assistance of appellate counsel as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution.

GROUND NINE: When the appellate attorney (1) fails to notify the client of the ninety day rule in the re-opening of an appeal and (2) there is a threshold showing of constitutional errors not presented, the Court of Appeals errs in denying the application, contra the Fifth, Sixth and Fourteenth Amendments to the Constitution.

GROUND TEN: Ohio Revised Code 2945.42 does not create an exception for the admission of privileged spousal communications, made in furtherance of preserving the marriage and family, in a prosecution for the rape and sexual battery against the parties' child.

GROUND ELEVEN: Petitioner Wilson was denied the effective assistance of counsel.

(Doc. No. 1.)

### III. Exhaustion and Procedural Default

**A. Exhaustion Standard**

State prisoners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b),( c). This requirement is satisfied "when the

highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). However, if relief is no longer available in state court, exhaustion can be rendered moot: "If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *see Buell v. Mitchell*, 274 F.3d 347, 349 (6th Cir. 2001).

**B.   Procedural Default Standard**

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir.2006) (*citing Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). A claim may become procedurally defaulted in two ways. *Id*. First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.*; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[1] *Id.*

---

[1] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id*. at 138-39; *Barkley v. Konteh*, 240 F.Supp.2d 708 (N.D. Ohio 2002).

Second, a petitioner may also procedurally default a claim by failing to raise a claim in state court and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*. In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id*. Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id*.

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue--not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal

-9-

constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138-39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id*. Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See United States v. Frady*, 456 U.S. 152, 172 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219-20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different. *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (*citing Strickler v. Greene*, 527 U.S. 263, 289 (1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). Conclusory statements are not enough – a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented

at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *See Jones v. Bradshaw*, 489 F.Supp.2d 786, 807 (N.D.Ohio 2007).

**C.     Analysis**

Respondent asserts that all of Wilson's claims are either procedurally defaulted or not cognizable upon habeas review.  (Doc. No. 12.)  In his traverse, Wilson asserts that Respondent has waived the defense of procedural default because the defense was not raised in *state* courts. (Doc. No. 13) (emphasis added).

The presence of a procedurally defaulted claim does not deprive a federal court of jurisdiction.  *See, e.g., Trest v. Cain*, 522 U.S. 87, 89 (1997).  Instead, "procedural default is normally a 'defense' that the State is 'obligated to raise' and 'preserve' if it is not to 'lose the right to assert the defense thereafter.'" *Id*. (*quoting Gray v. Netherland*, 518 U.S. 152, 165-66 (1996)).  The Sixth Circuit has observed that a respondent is "required to assert procedural default as an affirmative defense in its responsive pleading."  *Flood v. Phillips*, 90 Fed. Appx. 108, 114 (6th Cir. 2004); *accord Hargrove v. Haviland*, 2005 U.S. Dist. LEXIS 11013 (S.D. Ohio June 7, 2005) (finding that the Respondent waived the affirmative defense of procedural default where it was raised for the first time in objections to a Report and Recommendation.); *see also Oakes v. United States*, 400 F.3d 92, 96 (1st Cir. 2005) ("[P]rocedural default is an affirmative defense and ... the government may lose the defense by neglecting to raise it in a response to a habeas petition.")[2]  Nonetheless, all of the above case law concerns the requirement in *federal*

---

[2] According to Rule 5(b) of the Rules Governing Section 2254 Cases in the United States District Courts, a respondent's answer "must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

court that a respondent raise his or her affirmative defenses at the first opportunity.  It is axiomatic that a matter cannot be procedurally defaulted for the purposes of habeas relief until a state court actually enforces a procedural sanction.  To suggest that the State must argue procedural default before a state appellate court even considers the underlying issue is not only unsupported by case law but also defies logic.  Wilson's reliance on *Merlo v. Bolden*, 801 F.2d 252, 255 (6th Cir. 1986) is misplaced.[3]  In *Merlo*, the Court noted that the state appellate court's denial was based on the merits of the petitioner's claim because the state did not argue that any independent state rule barred the claim.  Because the state appellate court did not base its decision on an independent state rule, the court found that the State could not later argue that the petitioner's claim should be barred.  By contrast, in Wilson's situation the state appellate court expressly enforced its procedural bar when it declined to consider Wilson's untimely claims.  Thus, Wilson's argument that Respondent has waived the defense of procedural default is without merit.

Wilson did not raise his first nine grounds for relief on direct appeal and, instead, first raised them in an application to reopen direct appeal.  Pursuant to Ohio App. R. 26(B)(1), such an application must be filed within ninety days of the state appellate court's decision.  The state appellate court, however, may excuse the failure to file within the allotted time upon a showing of "good cause."  Ohio App. R. 26(B)(2)(b).  It is undisputed that Wilson did not file his application to reopen within ninety days as required.  Applying the first of the four-step *Maupin*

---

[3] Wilson also misinterprets *Lee v. Kemna*, 534 U.S. 362, 376, n. 8 (2002).  Therein, the Supreme Court deemed that an independent state procedural rule was waived, as the state did not raise the argument before the *Eighth Circuit Court of Appeals* or in the states's brief in opposition to the petition for certiorari.

test, it is clear that Wilson failed to comply with an applicable state procedural rule, namely Ohio App. R. 26(B).  The second step was satisfied when the state appellate court enforced the procedural sanction by denying Wilson's application as untimely and finding no good cause for his delay.  (Doc. No. 12, Exh 13.)

With respect to the third step of the *Maupin* test, several decisions of the Sixth Circuit Court of Appeals have held that "the timeliness requirements in Ohio App. R. 26(B) ... are an actually enforced, adequate and independent state ground upon which the Ohio courts consistently refuse to address ineffective assistance of appellate counsel claims."  *Fautenberry v. Mitchell*, 515 F.3d 614, 640 (6th Cir. 2008); *see also Coleman v. Mitchell*, 244 F.3d 533, 539-40 (6th Cir. 2001) (finding that the petitioner procedurally defaulted his claim because he failed to comply with the requirements in Ohio App. R. 26(B)); *Wickline v. Mitchell*, 319 F.3d 813, 823 (6th Cir. 2003) (finding that the petitioner's ineffective assistance of appellate counsel claims were procedurally defaulted because he failed to comply with the rule set forth in *Murnahan*); *Monzo v. Edwards*, 281 F.3d 568, 578 (6th Cir. 2002).  Wilsons' reliance on *Franklin v. Anderson*, 434 F.3d 412, 421 (6th Cir. 2006) is of no avail as that case is distinguishable.  In *Franklin*, the Sixth Circuit found that the petitioner's claim was not defaulted because: (1) App. R. 26(B) had not been enacted when petitioner filed his motion to reopen and was not retroactive; and, (2) even if App. R. 26(b) was retroactive, it had not become firmly established and regularly followed.  *Id*. at 420-21.  Finally, the *Franklin* Court's statement that the "Ohio Supreme Court ha[d] been erratic in its handling of untimely Rule 26(B) applications in *capital cases*" prior to 2004 is irrelevant to the matter before the Court.  *Id*.  The instant matter is neither a capital case nor was Wilson's application to reopen filed during the described period of

-13-

uncertainty.

Therefore, Wilson's first nine grounds for relief are procedurally defaulted.  In addition, Wilson's ineffective assistance of trial counsel claim contained in ground eleven of his habeas petition is also procedurally defaulted.  Wilson raised this claim before the state appellate court on direct appeal.  However, Wilson did not raise this argument in his brief filed before the Ohio Supreme Court.  His single assignment of error in his direct appeal to the Supreme Court of Ohio was that O.R.C. § 2945.42 did not create an exception for the admission of spousal communications in cases of sexual battery against a child.  (Doc. No. 12, Exh. 10.)  Thus, Wilson would be unable to raise his ineffective assistance of trial counsel claim again in state court as it would be barred by the doctrine of *res judicata*.  Ohio's post-conviction relief statute, O.R.C. § 2953.21, has long been interpreted as barring consideration of any issue that was fully litigated before the judgment of conviction or on direct appeal from that judgment, or of any issue that could have been fully litigated before judgment of conviction or on direct appeal but was not.  *See State v. Perry*, 10 Ohio St.2d 175, syllabus para. 7 (1967); *State v. Combs*, 100 Ohio App.3d 90, 98 (1994).  As Wilson's ineffective assistance of trial counsel claim could no longer be raised under state law, it is procedurally defaulted.

Unless Wilson can demonstrate "cause" and "prejudice" for his default, ten of his eleven grounds for relief are procedurally defaulted.  Wilson argues that his default should be excused due to appellate counsel's ineffectiveness – namely counsel's failure to inform him of the deadline to file an application to reopen his appeal.  An ineffective assistance of appellate counsel claim may not be asserted as cause to excuse the procedural default of another claim where the claim of ineffective assistance of counsel is itself procedurally defaulted.  *See*

-14-

*Edwards v. Carpenter*, 529 U.S. 446, 452 (2000); *Monzo*, 281 F.3d at 577.  However, the procedural default of the ineffective assistance of counsel claim may itself be excused upon a showing of cause and prejudice.  *Id*.  Here, Wilson's ineffective assistance of appellate counsel claim was raised in his motion to reopen the appeal.  The state court clearly applied the time limitation in Rule 26(B) to bar consideration of this claim on the merits.  Wilson's asserted cause for the default – counsel's failure to inform him of the time limitations for filing an application to reopen – is insufficient.  The Sixth Circuit recently addressed and rejected a similar argument.

> Even if [petitioner] had been more diligent in filing his [Rule 26(B)] application closer to the ninety-day deadline, [petitioner's] counsel could not have been "ineffective" for failing to file an application on his behalf.  Ohio Appellate Rule 26(B) filings are collateral proceedings to which a defendant has no Sixth Amendment right to the assistance of counsel.  *Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005); *see also Wainwright v. Torna*, 455 U.S. 586, 587-88, 102 S. Ct. 1300, 71 L. Ed. 2d 475 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely."); *Jackson v. Johnson*, 217 F.3d 360, 364 (5th Cir. 2000) (no constitutional right to counsel for purposes of filing a rehearing motion; counsel on direct appeal has no duty to inform a client of the option to file the same pro se).  Accordingly, because [petitioner] cannot satisfy the cause and prejudice requirement of *Maupin*, he has procedurally defaulted the claims he first raised in his Application to Reopen....

*Scuba v. Brigano*, 527 F.3d 479, 489 (6th Cir. 2007).  Furthermore, the Courts of this Circuit have typically found ignorance of filing or other legal requirements insufficient to justify equitable tolling.  *See, e.g., Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003); *Whalen v. Randle*, 37 Fed. Appx. 113, 120 (6th Cir. 2002); *Holloway v. Jones*, 166 F. Supp.2d 1185, 1189 (E.D. Mich. 2001); *Wilson v. Renico*, 2002 U.S. Dist. LEXIS 24632, *9 (E.D. Mich. Dec. 16, 2002) (unpublished).  The Court sees no reason why Wilson's ignorance of the filing requirements of Rule 26(B) should be treated any differently in the context of cause excusing a procedural default.  As stated above, to establish "cause" a  petitioner must demonstrate that an "objective

-15-

factor external to the defense impeded [the petitioner's] efforts to comply" with the state procedural rule." *Cvijetinovic v. Eberlin*, 2008 U.S. Dist. LEXIS 26483 (N.D. Ohio Mar. 31, 2008) (*citing Franklin*, 434 F.3d at 417).  Wilson's ignorance of the time limitations imposed by Rule 26(B) is not an external factor that satisfies the cause requirement.

In sum, Wilson has procedurally defaulted his grounds for relief one through nine as well as ground eleven.  Wilson also has failed to demonstrate cause sufficient to excuse his procedural default with respect to his ineffective assistance of appellate counsel claim.  Finally, Wilson has not raised an actual innocence claim to establish a manifest injustice.

### IV.  Review on the Merits

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Clearly established federal law is to be determined by the holdings of the United States Supreme Court.  *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005).  However, an explicit statement by the Supreme Court is not

-16-

mandatory; rather, "the legal principles and standards flowing from [Supreme Court] precedent" also qualify as "clearly established law." *Ruimveld*, 404 F.3d at 1010 (*quoting Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002)).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. at 413.  By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*.  However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law.  *Id.* at 410-12.  "This standard generally requires that federal courts defer to state-court decisions."  *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006) (*citing Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

**A. Ground Ten:**

In his only remaining claim, Wilson argues that the state courts erred by admitting into evidence privileged spousal communications, which Wilson asserts was contrary to Ohio law.  (Doc. No. 1.)  In his Answer, Respondent asserted that Wilson's claim is not cognizable upon habeas review.  (Doc. No. 12 at 14.)

-17-

It is well-established that alleged trial court errors in the application of state procedure or evidentiary law, particularly regarding the admissibility of evidence, are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dep't. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Instead, questions concerning the admissibility of evidence, as well as its probative or prejudicial value, are properly left to the sound discretion of the trial court. *See Oliphant v. Koehler*, 594 F.2d 547, 555 (6th Cir. 1979); *Johnson v. Karnes*, 198 F.3d 589, 593 (6th Cir. 1999) ("[A]n inquiry as to whether evidence was properly admitted or improperly excluded under state law 'is no part of a federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'") (citations omitted). Only where the admission of the disputed evidence rendered the trial "so fundamentally unfair as to constitute a denial of federal rights" may it provide grounds for granting a writ of habeas corpus. *Clemmons v. Sowders*, 34 F.3d 352, 356 (6th Cir. 1994).

In ground ten of his petition, Wilson argues only that the state appellate court misapplied Ohio privilege law. (Doc. No. 1.) In his Traverse, for the first time, Wilson attempts to inject a federal constitutional issue into his claim by arguing that trial counsel was ineffective for failing to properly preserve an objection to the admission of a recorded conversation between Wilson and his wife. (Doc. No. 13.) Wilson's argument is unavailing. First, Wilson never presented this claim as a federal constitutional claim in the state courts but only as an error of state law. Also, as discussed above, Wilson's ineffective assistance of trial counsel claim is procedurally defaulted as he never raised the matter before the Supreme Court of Ohio. As such, the Court is left with a claim that asserts only an erroneous application of state evidentiary law. Wilson,

however, has failed to present any argument as to how the alleged violation of state evidentiary law rendered his trial fundamentally unfair.   Thus, Wilson has failed to establish that he is entitled to habeas relief.

### V.  Conclusion

For the foregoing reasons, the Magistrate Judge recommends Wilson's Petition be DENIED.

s/ Greg White<br>U.S. MAGISTRATE JUDGE

Date: September 18, 2008

### OBJECTIONS
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**